UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| HENRY JAMES | : | DOCKET NO. 2:09-cv-438 |
| VS. | : | JUDGE TRIMBLE |
| RICHARD SIMMONS, ET AL. | : | MAGISTRATE JUDGE KAY |

## ORDER

Plaintiff filed a Motion for Leave to Proceed *In Forma Pauperis* on March 16, 2009 and the court granted his motion on March 30, 2009. Doc. 2; doc. 3. Accordingly, after plaintiff provided an address for each defendant, the U.S. Marshals (the Marshals) attempted to execute service pursuant to 28 U.S.C. § 1915. The Marshals have executed service on four of the defendants but returned the other four summons unexecuted.

Currently before the court is plaintiff's Motion for Contempt of Court [doc. 22] and plaintiff's Supplemental Motion for Civil Contempt/Last Known Addresses [doc. 30]. Plaintiff alleges that three of the named defendants "flatly refuse to be served within a timely manner." *Id.* at 1. Plaintiff requests that the court hold these three defendants in contempt of court, or alternatively that the court grant him the relief that he seeks in complaint. Additionally, plaintiff requests the court compel certain defendants to produce the last known addresses for the two other defendants whom the Marshals did not serve. For the following reasons, plaintiff's Motion must be DENIED.

### *Defendant Simmons*

At the time plaintiff filed this motion, the Marshals had not successfully served defendant Richard Simmons. However, on September 25, after plaintiff filed this motion, the Marshals served defendant Simmons. Doc. 23. Therefore, the court must deny this request as moot.

*Defendants Leonards and Ethridge*

The Marshals returned the summons for defendants Leonards and Ethridge unexecuted. Doc. 13; doc. 14. Plaintiff had provided the same address, an office, for both Leonards and Ethridge: 100 Avenue J, Lake Charles, Louisiana 70615. *Id.* The Marshals attempted to serve both Leonards and Ethridge at said address three times. *Id.* (August 26, 2009 at approximately 10:40 am; September 2, 2009 at 11:00 am;  September 2, 2009 at 2:00 pm). On the first attempt, an individual at the office stated that neither defendant was at the facility.

Regarding Ethridge, the Marshals left a business card with contact information. Doc. 13. Ethridge was not at the office on either occasion the Marshals returned on September 2. After the last attempt, the Marshal remarked that the "secretary states that Mr. Ethridge has my [number] . . . [the] [o]ffice refuses to call or give me a contact [phone number] for Mr. Ethridge." *Id.*

As to defendant Leonards, on August 26, no individual at the office would accept service for Leonards. Doc. 14. He was not at the office on September 2 at either time the Marshal returned. On the final attempt the office told the Marshals that it had "no way to contact Mr. Leonards." *Id.*

Based on these facts, plaintiff requests that the court hold both defendants Ethridge and Leonards in contempt of court "for willfully disobeying notice to be serve[d];" alternatively, plaintiff requests that the court grant him the relief he seeks in his complaint. Doc. 22, at 2.

Plaintiff suggests in his memorandum that a court shall find a party in civil contempt if "the party seeking an order of contempt . . . establish[es] by clear and convincing evidence: (1) that a court order was in effect; (2) that the order required certain conduct by the respondent; and (3) that the respondent failed to comply with the court's order," relying upon *Piggly Wiggly Clarksville, Inc. v. Mrs. Baird's Bakeries,* 177 F.3d 380, 382 (5th Cir. 1999). Here, plaintiff argues, (1) a court order was in effect where the court ordered the Marshals to serve defendants;

(2) that the order required the defendants to answer the complaint within the time required by law; (3) and that defendants failed to comply with the order by "ducking service." Doc. 30, 2.

Plaintiff's reliance upon *Piggly Wiggly* is misplaced. The order at issue here was directed to the Marshal to attempt service. There was no order that defendants make themselves available to accept service and even if such an order had been issued, it could only be effective once defendants had been served with that order, a circuitous circumstance that simply has not occurred here. These defendants could not be guilty of contempt of the order of this court upon which plaintiff relies as that order was instructing the Marshal to perform an act. The order did not mandate defendants do anything.

### *Defendants Fontenot and Dunn*

The Marshals could not serve defendant Jo Jo Fontenot and defendant Dunn because they no longer work at the addresses provided by plaintiff. Doc. 15, 16. As to defendant Dunn, Plaintiff requests that the court compel defendant Russell Barrios to provide defendant Dunn's home address because Barrios was Dunn's supervisor, so therefore, "he should be able to obtain her home address." Doc. 22, at 2-3. As to defendant Jo Jo Fontenot, plaintiff requests that he court compel defendant Ethridge (who has not been served) to provide defendant Fontenot's home address because "he should have Fontenot's home address." *Id.* Plaintiff offers no legal support justifying these requests. Furthermore, the discovery process should afford plaintiff opportunities to obtain the information he seeks without court intervention. Therefore, the court must deny these requests.

For the foregoing reasons, IT IS ORDERED that plaintiff's Motion for Contempt of Court is DENIED.

IT IS FURTHER ORDERED that plaintiff's Supplemental Motion for Civil Contempt/Last Known Addresses is DENIED.

THUS DONE AND SIGNED in chambers at Lake Charles, Louisiana this 7th day of December, 2009.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE