RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
ALEXANDRIA, LOUISIANA
DATE 01 / 08 / 10
BY _____ wh

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| HENRY JAMES | CIVIL ACTION NO. 09-438 |
| VERSUS | JUDGE TRIMBLE |
| RICHARD SIMMONS, ET AL. | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is a motion for default judgment filed by plaintiff Henry James[1] and a motion to set aside default judgment filed by defendants Jeanette Doucet, Russell Barrios and Hillary Broussard.[2]  For the reasons expressed below, the court finds that plaintiff's motion for default judgment should be DENIED and defendants' motion to set aside default should be GRANTED.

## I.     BACKGROUND

Plaintiff filed the above captioned suit on March 16, 2009, asserting claims under 42 U.S.C. § 1983, The Fair Labor Standards Act of 1938,[3] Title VII of the Civil Rights Act of 1964[4] and the Louisiana Wage Payment Law.[5]  Plaintiff claims that, while he was a participant in a work release program under the Louisiana Department of Corrections, he was discriminated against at his place

---

[1] R. 27.

[2] R. 34.

[3] 29 U.S.C. §§ 201, et seq.

[4] 42 U.S.C. §§ 2000e, et seq.

[5] La. R.S. 23:631, et seq.

1

of employment on the basis of his race and subsequently deprived of wages to which he was entitled.

Plaintiff, acting pro se, effected service on four (4)[6] of eight (8) total defendants,[7] after being granted an extension of time to do so by the court.[8] On September 3, 2009, plaintiff filed a motion for writ of mandamus,[9] which was referred to U.S. Magistrate Judge Kay for consideration.  By electronic order dated September 21, 2009, Judge Kay denied plaintiff's motion, stating that "seven service returns have been filed by the Marshal and chambers has been advised that service is still being attempted on the eighth and final defendant."[10]

Plaintiff requested entry of default judgment[11] as to defendants Russell Barrios ("Barrios"), Jeanette Doucet ("Doucet") and Hillary Broussard ("Broussard"). The Clerk of Court issued a notice of default on October 26, 2009.[12]  At the expiration of the ten (10) day delay provided under Fed. R. Civ. P. 55, plaintiff requested entry of final default judgment, which motion was assigned to U.S. Magistrate Judge Kathleen Kay for disposition.

On December 7, 2009, Judge Kay issued an electronic order denying plaintiff's motion for entry of final default on the basis that all defendants have filed or attempted to file answers to the

---

[6]R. 17, 18, 19, 23.

[7]R. 13, 14, 15, 16.

[8]R. 11.

[9]R. 12.

[10]R. 20.

[11]R. 25.

[12]R. 26.

suit and their delay was explained by lack of counsel, which has now been rectified.[13]   Upon

discovery that plaintiff's motion for entry of final default was referred to the magistrate judge in

error, Judge Kay's December 7th order was stricken from the record, leaving that motion and

defendants' subsequent joint motion to lift the default entered by the clerk for decision by the court.

**B.**   **Applicable Standard**

Fed. R. Civ. P. 55(a) provides that

> when a party against whom a judgment for affirmative relief
> is sought has failed to plead or otherwise defend, and that failure
> is shown by affidavit or otherwise, the clerk must enter the party's
> default.

Fed. R. Civ. P. 55(c) provides that

> the court may set aside an entry of default for good cause, and it
> may set aside a default judgment under Rule 60(b).

Fed. R. Civ. P. 60(b) provides that

> on motion or on just terms, the court may relieve a party or
> its legal representative from a final judgment, order, or
> proceeding for the following reasons:
>
> (1)   mistake, inadvertence, surprise, or excusable neglect;
> (2)   newly discovered evidence that, with reasonable
> diligence, could not have been discovered in time to
> move for a new trial under Rule 59(b);
> (3)   fraud (whether previously called intrinsic
> or extrinsic), misrepresentation, or misconduct by an
> opposing party;
> (4)   the judgment is void;
> (5)   the judgment has been satisfied, released or discharged; it
> is based on an earlier judgment that has been reversed or
> vacated; or applying it prospectively is no longer
> equitable; or
> (6)   any other reason that justifies relief.

---

[13]R. 37.

3

## II.   ANALYSIS

We must begin by addressing several procedural issues in light of the record.  First, it appears that the magistrate judge's order noting that service was complete as to all but the eighth and final defendant, entered on September 21, 2009, was in error.  Our review of the record reveals that, while seven service forms were returned on September 15, 2009, not all seven reflect completed service. Service was perfected as to Jeanette Doucet, Hillary Broussard and Russell Barrios.[14]  Summons forms were returned unexecuted as to defendants Charles Ethridge, Robert Leonards, JoJo Fontenot and Ms. Dunn.[15]  More recently, however, defendants Ethridge, Leonards and Fontenot have attempted to file an answer and have only been prevented from entering same into the record because of the pending default against them.[16]  As such, these three (3) defendants have waived timely service by the filing of an answer which does not assert insufficiency of service of process as a defense.[17]

The record further reflects that plaintiff has not perfected service as to defendant Dunn as of the date of this ruling.  Finding that plaintiff has failed to sufficiently identify defendant Dunn or to further give cause why service has not been made as to this defendant, all claims by plaintiff against defendant Dunn will be dismissed without prejudice.[18]

The record reflects that service was perfected as to defendants Jeanette Doucet, Hillary

---

[14]R. 17, 18, 19.

[15]R. 13, 14, 15, 16.

[16]R. 29.

[17]Fed. R. Civ. P. 12(b), (g), (h).

[18]Fed. R. Civ. P. 4(m).

4

Broussard, Russell Barrios and Richard Simmons.[19]  As such, the clerk's entry of default as to defendants Barrios, Doucet and Broussard was not in error.  We must determine, therefore, whether final default should be entered against them or, as requested by defendants, the default should be set aside.

We concur with the observations of the magistrate judge that defendants were previously unrepresented by counsel, but have now rectified that issue and have promptly attempted to file answers to plaintiff's suit.  Accordingly, we find that plaintiff's motion for entry of final default[20] as to defendants Doucet, Broussard, and Barrios should be denied.

Whether or not a default judgment should be set aside is a matter lying within the discretion of the trial court.[21]  As cited by defendants, default judgments are not to be employed as procedural traps and, as such, a party opposing a motion to set aside a default must show more than the defendant's failure to act within applicable delays.[22]  To that end, courts must first consider whether the defendant's default was willfull or, in other words, whether or not defendant intentionally failed to respond to the plaintiff's suit.[23]  In the case at bar, defendants assert that their failure to meet applicable delays was not intentional, but rather the result of their ignorance of the applicable delays

---

[19]R. 17, 18, 19, 23.

[20]R. 27.

[21]U.S. v. One Parcel of Real Property, 763 F.2d 181, 183 (5th Cir. 1985) citing Traquth v. Zuck, 710 F.2d 90, 94 (2nd Cir. 1983).

[22]In re OCA, Inc., 551 F.3d 359, 370 (5th Cir. 2008); Lacy v. Sitel Corp., 227 F.3d 290, 292 (5th Cir. 2000); Gen. Tel Corp. v. Gen. Tel. Answering Service, 277 F.2d 919, 921 (5th Cir. 1960).

[23]Lacy, 227 F.3d at 292 (quoting In re Dierschke, 975 F.2d at 184).

5

Next the court must consider whether or not the setting aside of the default would result in prejudice to the plaintiff.[24] Prejudice shown must be more than the inconvenience of actually having to prove one's claims before the court since the court's preference is for a trial on the merits. Plaintiff has not demonstrated the likelihood of any prejudice in the event of our granting defendants' motion.

Finally, the court must consider whether or not defendants have presented a meritorious defense to plaintiff's claims.[25] The court has examined the proposed answer filed by defendants Ethridge, Leonards and Fontenot and finds that these responsive pleadings constitute a meritorious defense, rising above the level of mere general denials. Moreover, we note, as argued by defendants, that an answer was filed by defendants on the same day that counsel was retained.

## III.    CONCLUSION

Our review of the record in this case indicates that defendants Ethridge, Leonards and Fontenot were not properly served, but have waived service by the filing of proposed answers which do not raise the defect as a defense. We also find that plaintiff has, as of the date of this ruling, not perfected service on defendant Dunn and, given no showing by plaintiff of just cause therefor, all claims by plaintiff against this defendant will be dismissed without prejudice.

The court further finds that plaintiff's motion for entry of final default as to defendants Ethridge, Leonards and Fontenot should be denied because defendants have, since the clerk's entry of default against them, rectified their lack of counsel and have promptly filed a proposed answer to plaintiff's suit.  Similarly, we find that these defendants have demonstrated the absence of

---

[24]U.S. v. One Parcel of Real Property, 763 F.2d 181, 183 (5th Cir. 1985).

[25]Id.

6

prejudice and that their answers contain a sufficiently meritorious defense and, finally that their failure to file such answers within applicable delays was not willful and, as such, their motion to set aside the clerk's entry of default should be granted.

The court will issue a judgment in conformity with these findings.

Alexandria, Louisiana
January ___ , 2010

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT COURT

7