RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
ALEXANDRIA, LOUISIANA
DATE ___11__/__14__/__11__
BY _____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

HENRY JAMES : DOCKET NO. 09-438

VS. : JUDGE TRIMBLE

SIMMONS CONTRACTING, INC, ET : MAGISTRATE JUDGE KAY
AL

### TRIAL OPINION

A trial of this matter was held on September 19, 2011. After the trial, the undersigned requested that the parties file post trial briefs pursuant to a briefing deadline.[1] That deadline has now lapsed and the matter is ripe for decision.

In this lawsuit, plaintiff alleges that he was deprived of wages for regular and/or overtime pay. The basis of plaintiff's claim is the Louisiana Wage Payment Act,[2] and the federal Fair Labor Standards Act ("FLSA"). At the trial of this matter, plaintiff also asserted that defendant Simmons Contracting, Inc.("Simmons") violated the Fair Labor Standards Act[3] and Louisiana Revised Statute 23:14(B) by failing to keep time records for the period in which plaintiff was employed.

In 2006, Henry James was a resident of CINC, Inc. which participated in a work release program. Mr. James started working for defendant Simmons on or about September 21, 2006 until he was laid off on February 19, 2007; he then worked at "The Shop" from February 21, 2007 until

---

[1] See R. #97.

[2] LSA-R.S. 23;631, *et seq.*

[3] 29 U.S.C. § § 201-301.

March 16, 2007.  Mr. James complains that during his employment for Simmons Construction, he was not paid for the total number of hours he worked and/or he was not paid for overtime hours he worked.  Mr. James asserts that Simmons owes him a total of $1,581.00 in unpaid wages.

*Violation of record keeping laws*

Mr. James complains that defendant Simmons failed to keep records of his daily hours.  The law does not require that said records be kept indefinitely. Louisiana Revised Statute 23:14(B) provides as follows:

> Every employer shall keep a true and accurate record of the name, address, and occupation of each person employed by him, of the daily and weekly hours worked by, and of the wages paid each pay period to each employee.  These records shall be kept on file for at least one year after the date of the record.

Plaintiff's employment was terminated on February 16, 2007. Thus, Simmons was required by law to keep records of Mr. James' hours and wages until February 16, 2008. In his post trial brief, plaintiff complains that Mr. Simmons was not aware of the record keeping laws.  However, Mr. James failed to show at trial that Simmons failed to keep these records for the requisite one year time period, or until February 16, 2008.  Accordingly, the claim for violation of record keeping laws will be dismissed with prejudice.

*Unpaid wages*

An employee who brings suit under § 16(b) of the Fair Labor Standards Act has the burden of proving that he performed work for which he was not properly compensated.  Thus, Mr. James must prove that he in fact performed work for which he was improperly compensated.[4]  Once Mr. James has made such a showing, the burden then shifts to Simmons to come forward with evidence

---

[4]  Anderson v. Mr. Clemens Pottery Co., 328 U.S. 680, 66 S.Ct. 1187 (1946).

2

of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence.[5]   The court may then award damages to the employee, even though the result be only approximate.[6]

At the trial of this matter, to prove that he was not paid all of the hours for which he worked, Mr. James submitted the following exhibits:

1.  A typed summary prepared by Mr. James of the hours he claims he worked for Simmons Contractors, Inc.[7]

2. Bus log dated 2/5/2007 through 2/15/2007; Simmons First Quarter (2007)Time Sheet[8]; CINC Resident Sign in/out sheet dated 2/9/2007 through 2/19/2007.[9]

3. Bus log dated 1/12/2007 through 1/13/2007, CINC Resident Sign in/out sheet dated 1/17/07 through 2/8/2007; bus log dated 1/17/2007 through 1/18/2007; Simmons First Quarter (2007) Time Sheet; bus log dated 1/25/2007, 1/31/2007; Resident Sign in/out sheet (date not legible other than 2007).[10]

4. CINC Resident Fund Statement dated 9/01/2006 through 9/30/2006.[11]

5. CINC Resident Sign in/out sheet dated 9/20/2006 through 10/?/2006;bus log dated 1/8/2007 through 1/11/2007.[12]

6.  Simmons Third and Fourth Quarter Time Sheet (2006); bus log dated 1/3/2007, 1/12/2006.[13]

7.  Hand written journal of hours allegedly worked by plaintiff from 11/3/2006

---

[5]  Id.

[6]  Id.

[7]  Plaintiff's exhibit 2.

[8]  The Time Sheets include a photocopy of Mr. Simmons payroll checks copied directly on the Time Sheet itself.

[9]  Plaintiff's exhibit 3.

[10]  Plaintiff's exhibit 4.

[11]  Plaintiff's exhibit 5.

[12]  Plaintiff's exhibit 6.

[13]  Plaintiff's exhibit 8.

3

through 3/16/2007.[14]

The court has reviewed the evidence submitted by Mr. James and finds that none of the evidence submitted proves that Mr. James was paid for less hours than he actually worked. Mr. James relies on the bus logs to prove the hours that he worked. However, the testimony at trial clearly indicated that the bus logs only indicate what time Mr. James was picked up at certain locations and dropped off at work, or picked up from work and dropped off again. The bus logs do not indicate the exact time Mr. James actually started working on the job. The testimony also indicated that Mr. James was only paid for the hours he actually worked on the job, and not while he was waiting to be picked up to be transported to the job location.

Russell Barrios, the head of CINC, Inc. during the time period Mr. James worked for Simmons, testified that the bus logs reflected the time the bus drivers were dispatched to pick up the work release inmates; they did not show the actual hours Mr. James worked on the job.

The FLSA typically requires employers to pay their employees for all time spent working on their behalf.[15]  Regarding travel to and from work, U.S.C.A. § 254 (a) provides the following:

> Except as provided in subsection (b) of this section, no employer shall be subject to any liability or punishment under the Fair Labor Standards Act of 1938, as amended [29 U.S.C.A. § 201 et seq.], the Walsh-Healey Act [41 U.S.C.A. § 35 et seq.],or the Bacon-Davis Act [40 U.S.C.A. § 276a et seq.], on account of the failure of such employer to pay an employee minimum wages, or to pay an employee overtime compensation, for or on account of any of the following activities of such employee engaged in on or after May 14, 1947 - -
> **(1)** walking, riding, or traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform, and

---

[14]  Plaintiff's exhibit 9.

[15]  See United Transp. Union Local 1745 v. City of Albuquerque, 178 F.3d 1109, 1116 (10th Cir. 1999)(citing 29 U.S.C. § 206, 207).

(2) activities which are preliminary to or postliminary to said principal activity or activities, . . .

Furthermore, the Wage and Hour Division of the United States Department of Labor has promulgated federal regulations relating to travel time, which expressly state that ordinary home-to-work travel is not considered worktime and is not compensable.[16]   There was no evidence presented at trial to establish that Mr. James was performing any job functions while waiting and/or traveling to his job location. Thus, any time Mr. James spent waiting to be picked up and being transported to work is not compensable.

## CONCLUSION

The court finds that plaintiff has failed to meet his burden of proof that he actually worked more hours than he was compensated for.  Accordingly, the court finds in favor of defendant, Simmons Contracting, Inc. and against plaintiff, Henry James dismissing with prejudice all of plaintiff's claim.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this __14th__ day of November, 2011.


_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE


_____

[16]  29 C.F.R. § 785.35; accord Smith v. Aztec Well Servicing Co., 462 F.3d 1274, 1286 (10th Cir. 2066)(the time plaintiffs spent traveling to and from the [work] sites before and after their shift did not constitute "work" within the meaning of the FLSA.); Kavanagh v. Grand Union Co., 192 F.3d 269, 272 (2d Cir. 1999); Imada v. City of Hercules, 138 F.3d 1294, 1296 (9th Cir. 1998).